# UNITED STATES DISTRICT COURT
## SEALED
for the
District of Nebraska

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

S469-20 – Silver Dell laptop computer (herein after referred to as DEVICE) which was seized from 7660 N. 147th Street, Douglas County, NE in the custody of Douglas County Sheriff's Office

Case No. 8:24MJ294

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of ___Nebraska___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Distribution and possession with intent to distribute a controlled substance; |
| 21 U.S.C. 846 | Conspiracy to distribute and possess with intent to distribute a controlled substance |

The application is based on these facts:

See attached affidavit

- ☒ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Jesse Ronk, FBI Task Force Officer
*Printed name and title*

- ☐ Sworn to before me and signed in my presence.
- ☒ Sworn to before me by telephone or other reliable electronic means.

Date: 7/19/2024

*Judge's signature*

City and state: Omaha, Nebraska

MICHAEL D. NELSON, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Jesse Ronk, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the following authorizing the examination of property—electronic devices— (as described in Attachment A), which are currently in law enforcement possession, and the extraction from that property of electronically stored information, by the means described in Attachment B.

2.  I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. I am a Task Force Officer with the Federal Bureau of Investigation and have been since 2020. I have also a sworn law enforcement officer with the Douglas County Sheriff's Office, Omaha, Nebraska since 2013. I attended basic law enforcement training at the Nebraska Law Enforcement Training Center. In conducting my official duties, I have authored affidavits in support of search warrants and criminal complaints. I have participated in controlled substance investigations of alleged criminal violations of the Controlled Substances Act laws. I have participated in investigations involving the purchase of controlled substances from suspected narcotics traffickers using confidential sources. I have participated in the execution of search warrants for controlled substances, the proceeds, and documentary evidence of drug trafficking. I have conducted surveillance in connection with drug investigations. Through the course of these investigations, I have personally interviewed confidential sources and persons arrested for the distribution of illegal drugs. My training and experience as a law enforcement

officer, my participation in the investigation of drug trafficking organizations, my conversations with known drug traffickers, and my conversations with other law enforcement officials familiar with drug trafficking and money laundering, form the basis of my opinions and conclusions set forth below which I drew from the facts set forth herein.  I am familiar with drug traffickers' methods of operation including the distribution, storage, and transportation of controlled substances and the collection of monetary proceeds of drug trafficking and methods of money laundering used to conceal the nature of the proceeds.  I have conducted investigations regarding the unlawful importation, possession, and distribution of controlled substances, as well as related money laundering statutes involving the proceeds of specified unlawful activities and conspiracies associated with controlled substances, in violation of Title 21, United States Code, §§ 846 and 841(a)(1).

3.     In addition, based on my knowledge, training and experience, and that of other law enforcement officers familiar with the case, drug traffickers often utilize digital cellular telephones to contact their associates, sources of supply (SOS) and their customers. A laptop, tablet or a digital cellular telephone or "Smartphone" (a smart phone is a digital cellular telephone with the added abilities to browse the world wide web, send and receive e-mail and digital media such as pictures and video files, and send MMS or "text" messages) is a portable electronic device that may be transported from one place to another and remain operational through the use of a portable battery pack or alternate source. These digital devices are capable of sending and receiving wire communications, operate as a digital paging and voice mail device, send and receive MMS or "text" messaging, browse the internet, take video movies, still pictures, and voice notes, and allow e-mail to be sent and received. Laptops, tables, cellular telephones and or "Smart phones" contain "address books" or a series of stored telephone numbers which

are associated with names either given or nicknames that are assigned by the user of the phone. Digital cellular telephones are not party lines, and each telephone has an assigned telephone number, which may be changed, much the same way as a regular residential telephone. Calls can be made to, or received from a regular telephone, other cellular phones, paging devices, or other facility that can be contacted by a conventional telephone. Digital devices permit drug traffickers to remain in constant communication with one another via voice, text messaging and e-mail. Your affiant knows that drug traffickers often have stored in their laptops, tablets and phones: (1) the telephone numbers and digital display codes used by accomplices, aiders and abettors, co-conspirators and participants in these illegal activities; (2) the identities of co-conspirators, customers, and criminal associates based upon subscriber information derived from the retrieved phone numbers and names associated with them; (3) stored text and e-mail messages identifying possible co-conspirators or identifying or discussing certain drug transactions; (4) stored digital images and movies, depicting evidence and fruits of the above listed crime; (5) Finally, based on my experience drug traffickers communicate to suppliers and/or customers via cellular telephone(s). Drug traffickers often have multiple telephones and/or change their telephone numbers routinely. Drug traffickers also utilize internet-based applications to communicate in order to avoid law enforcement detection as these applications can be used on telephonic devices but are not revealed in toll records and/or wire intercepts. However, these applications are housed on their cellular telephones.

    4.    The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and from personal participation or has been provided to me by law enforcement officers that are familiar with all aspects of this investigation as a result of their personal participation, reports made known to them by other

Special Agents of the FBI and other state and local law enforcement personnel, and their experience and background as a Special Agent with the FBI or law enforcement officer. This affidavit contains information necessary to support probable cause and is not intended to include each and every fact and matter observed by and/or known to the government.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

5. The property to be searched are as follows:

    a. S469-20 – Silver Dell laptop computer (herein after referred to as DEVICE) which was seized from 7660 N. 147th Street, Douglas County, NE.

6. The applied-for warrant would authorize the forensic examination of DEVICE for the purpose of identifying electronically stored data, as described in Attachment A, through means particularly described in Attachment B.

## FACTS SUPPORTING PROBABLE CAUSE

7. DEVICE 1 is currently in the lawful possession of the Douglas County Sheriff's Office (DCSO). The DEVICE came into law enforcement's possession in the following way: On September 21st, 2021, a state authorized search warrant was obtained for a residence located at 7660 N. 147th Street, Douglas County, NE. On September 21st, 2021, law enforcement executed this search warrant on the residence. During the execution of the search warrant, DEVICE was seized and placed in the care and custody of the DCSO where they have remained in its care and custody. Therefore, while law enforcement might already have all necessary authority to examine the DEVICE, I seek this additional warrant out of an abundance of caution

to be certain that an examination of the DEVICE will comply with the Fourth Amendment and other applicable laws.

## PROBABLE CAUSE

8. The United States, is conducting a joint criminal investigation with the DCSO of multiple subjects regarding possible violations of 21 U.S.C. §§ 841(a)(1) and 846.

9. On September 21st, 2021, law enforcement officers with the Douglas County Sheriff's Office executed a court authorized search warrant for 7660 N. 147th Street, Douglas County, NE.

10. Among the items seized by law enforcement was 34 grams of methamphetamine located on the bathroom floor along with an empty baggy inside the toilet bowl in the main bathroom. A subsequent search of the sewer in front of the residence yielded three more baggies; one of which contained 4 grams of methamphetamine.

11. During the execution of the search warrant, Courtney VCELIK opened the door for law enforcement. James SIMPSON and Sara KELLY were observed leaving the southeast bedroom of the residence. All parties were detained.

12. Located in the southeast bedroom were multiple empty baggies, a digital scale, and other drug paraphernalia. Also located in the southeast bedroom was DEVICE.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

13. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the

Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

      14.     Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

    a.  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    b.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    c.  The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other

information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

d. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

e. <u>Nature of Examination.</u> Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

f. <u>Manner of Execution.</u> Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## Conclusion

15. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the DEVICE described in Attachment A to seek the items described in Attachment B.

Jesse Ronk, Task Force Officer
Federal Bureau of Investigation

Sworn to before me by reliable electronic means:

Date: 07/19/2024

City and State: Omaha, Nebraska

Michael D. Nelson, U.S. Magistrate Judge

# ATTACHMENT A

**Item to be searched:**

The following items, referred to as the "**DEVICE**":

> a. S469-20 – Silver Dell laptop computer (herein after referred to as DEVICE) which was seized from 7660 N. 147th Street, Douglas County, NE.

This **DEVICE** shall be searched according to the protocol listed on Attachment B for the following items:

(1) all text messages, emails, other electronic communications or images related to the distribution/delivery of drugs or packages containing drugs, including all electronic communications related to the types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions in furtherance thereof;

(2) any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

(3) all bank records, checks, credit card bills, account information, and other financial records;

(4) information reflecting the location of the phone or digital device.

The **DEVICE** shall also be searched for evidence of user attribution showing who used or owned the **DEVICE** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

## ATTACHMENT B

## Search Protocols

1. This warrant authorizes the search of electronically stored information and other documents related to the items listed on Attachment A, specifically that relate to violations of 21 U.S.C. 841 and 846. Because of the possibility that the files examined pursuant to the warrant will include information that is beyond the scope of what the United States has demonstrated the existence probable cause to search for, the search shall be conducted in a manner that will minimize to the greatest extent possible the likelihood that files or other information for which there is not probable cause to search is not viewed.

2. While this protocol does not prescribe the specific search protocol to be used, it does contain limitations to what government investigators may view during their search, and the searching investigators shall be obligated to document the search methodology used in the event that there is a subsequent challenge to the search that was conducted, pursuant to the following protocol:

3. With respect to the search of any digitally/electronically stored information that is seized pursuant to this warrant, and described in Attachment A hereto, the search procedure shall include such reasonably available techniques designed to minimize the chance that the government investigators conducting the search will view information that is beyond the scope for which probable cause exists.

4. The following list of techniques is a non-exclusive list which illustrates the types of search methodology that may avoid an overbroad search, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein:

a. Use of computer search methodology to conduct an examination of all the data contained in such computer hardware, computer software, and/or memory storage devices to determine whether that data falls within the items to be seized as set forth herein by specific date ranges, names of individuals, or organizations;

b. Searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein;

c. Physical examination of the storage device, including digitally surveying various file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized as set forth herein; and

d. Opening or reading portions of files that are identified as a result of conducting digital search inquiries in order to determine their relevance.

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

**SEALED**

| In the Matter of the Search of | ) | |
|---|---|---|
| S469-20 – Silver Dell laptop computer (herein after referred to as DEVICE) which was seized from 7660 N. 147th Street, Douglas County, NE in the custody of Douglas County Sheriff's Office | ) ) ) ) ) ) | Case No.   8:24MJ294 |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Nebraska
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A (INCORPORATED BY REFERENCE)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B (INCORPORATED BY REFERENCE)

**YOU ARE COMMANDED** to execute this warrant on or before   August 2, 2024   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Michael D. Nelson   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   7/19/2024 3:46 pm                      _____
                                                                *Judge's signature*

City and state:   Omaha, Nebraska                              Michael D. Nelson, U.S. Magistrate Judge
                                                                *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: 8:24MJ294 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                                                             *Executing officer's signature*

                                                                                 *Printed name and title*

# ATTACHMENT A

**Item to be searched:**

The following items, referred to as the "**DEVICE**":

    a. S469-20 – Silver Dell laptop computer (herein after referred to as DEVICE) which was seized from 7660 N. 147th Street, Douglas County, NE.

This **DEVICE** shall be searched according to the protocol listed on Attachment B for the following items:

(1) all text messages, emails, other electronic communications or images related to the distribution/delivery of drugs or packages containing drugs, including all electronic communications related to the types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions in furtherance thereof;

(2) any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

(3) all bank records, checks, credit card bills, account information, and other financial records;

(4) information reflecting the location of the phone or digital device.

    The **DEVICE** shall also be searched for evidence of user attribution showing who used or owned the **DEVICE** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

**ATTACHMENT B**

**Search Protocols**

1. This warrant authorizes the search of electronically stored information and other documents related to the items listed on Attachment A. Because of the possibility that the files examined pursuant to the warrant will include information that is beyond the scope of what the United States has demonstrated the existence probable cause to search for, the search shall be conducted in a manner that will minimize to the greatest extent possible the likelihood that files or other information for which there is not probable cause to search is not viewed.

2. While this protocol does not prescribe the specific search protocol to be used, it does contain limitations to what government investigators may view during their search, and the searching investigators shall be obligated to document the search methodology used in the event that there is a subsequent challenge to the search that was conducted, pursuant to the following protocol:

3. With respect to the search of any digitally/electronically stored information that is seized pursuant to this warrant, and described in Attachment A hereto, the search procedure shall include such reasonably available techniques designed to minimize the chance that the government investigators conducting the search will view information that is beyond the scope for which probable cause exists.

4. The following list of techniques is a non-exclusive list which illustrates the types of search methodology that may avoid an overbroad search, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein:

a. Use of computer search methodology to conduct an examination of all the data contained in such computer hardware, computer software, and/or memory storage devices to determine whether that data falls within the items to be seized as set forth herein by specific date ranges, names of individuals, or organizations;

b. Searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein;

c. Physical examination of the storage device, including digitally surveying various file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized as set forth herein; and

d. Opening or reading portions of files that are identified as a result of conducting digital search inquiries in order to determine their relevance.